```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
DAVID VOLLMER,
                                              COMPLAINT
                        Plaintiff,
                                              PLAINTIFF DEMANDS
            -against-                         TRIAL BY JURY

THE LONG ISLAND RAILROAD COMPANY,

                        Defendant.
--------------------------------------X
```

Plaintiff, **DAVID VOLLMER**, complaining of defendant, by his attorneys, **FLYNN & LAURIELLO, PLLC.**, respectfully shows to this Court and alleges, upon information and belief:

**PRELIMINARY STATEMENT**

Plaintiff, DAVID VOLLMER, an employee of the defendant, THE LONG ISLAND RAILROAD COMPANY, was injured in the course of his employment for the defendant on July 29, 2020, on the defendant's right of way adjacent to the railroad tracks east of the LIRR Oakdale Station by reason of its failure to provide him with a safe work place, safe equipment and safe work methods.

**JURISDICTION AND VENUE**

**FIRST:** The action herein arises under the Federal Employers' Liability Act, Title 45, United States Code Annotated, §§51-60, as hereinafter more fully appears.

1

**SECOND:** The place of the occurrence giving rise to this action is located in Suffolk County in the State of New York.

## THE PARTIES

**THIRD:** The plaintiff, DAVID VOLLMER, is a resident of the County of Suffolk in the State of New York and at all times hereinafter mentioned was employed by the defendant, THE LONG ISLAND RAILROAD COMPANY, as a Signalman in the Signal Department.

**FOURTH:** At all times herein mentioned, the defendant, THE LONG ISLAND RAILROAD COMPANY (hereinafter "LIRR"), was a railroad corporation organized and existing under and by virtue of the laws of the State of New York.

**FIFTH:** At all times herein mentioned, the defendant, LIRR, was and still is doing business in the County of Queens, City and State of New York.

**SIXTH:** At all times herein mentioned, the defendant, LIRR, was and now is a common carrier by rail engaged in interstate commerce between different states in the United States

## AS AND FOR A FIRST CAUSE OF ACTION

**SEVENTH:** On July 29, 2020, plaintiff, DAVID VOLLMER, was working on a wooden utility pole located on the right of way adjacent to the railroad tracks east of the LIRR Oakdale Station

in the Hamlet of Oakdale, Town of Islip, County of Suffolk and State of New York, which wooden utility pole and right of way were owned by defendant.

**EIGHTH:** On the date aforesaid, plaintiff was working at the place aforesaid which was operated by defendant.

**NINTH:** On the date aforesaid, plaintiff was working at the place of the occurrence herein controlled by defendant.

**TENTH:** On the date aforesaid, while plaintiff was climbing down the utility pole described in Paragraph "SEVENTH" above, he was caused to step to avoid a defect in the pole, causing him to shift his position and gaf the pole in an awkward twisting motion and position, causing him to sustain injuries with concomitant pain, suffering and disability as a result of the negligence of defendant.

**ELEVENTH:** Plaintiff's duties generally in defendant LIRR's, employ were substantially in furtherance of interstate commerce, and directly, closely and substantially affected such commerce.

**TWELFTH:** At the time of the said occurrence, plaintiff was engaged in duties for defendant LIRR in furtherance of interstate commerce, said duties directly, closely and substantially affecting such commerce.

**THIRTEENTH:** : Said occurrence and the injuries resulting therefrom were the result of the negligence of defendant, its

3

agents, servants and employees in the following respects: in that employees of defendant were careless and negligent in the performance of their duties; in that defendant's employees were negligent in the operation and work of defendant's railroad business; in that defendant maintained the utility pole in an improper, defective, dangerous and unsafe condition; in that defendant failed to provide plaintiff with a safe place in which to work and with safe equipment with which to work; in that employees of defendant failed to take proper precautions to prevent the injuries sustained by plaintiff; in that defendant failed to make proper and adequate provision for the safety of plaintiff; in that defendant failed to promulgate and enforce proper safety rules for the safe conduct of the work and operation of its railroad; in failing to guard against those risks and/or dangers which defendant knew or by the exercise of due care should have known; in failing to exercise reasonable care to provide plaintiff with a safe place to work, reasonably safe conditions in which to work and reasonably safe tools and equipment; in failing to inspect the place of work and work procedure; in failing to exercise reasonable care in assigning this particular task to plaintiff; in failing to consider the plaintiff's particular physical condition before assigning the tasks to him; in negligently instructing the plaintiff to perform tasks with a number of men and/or a procedure or method

4

which would result in injury; in causing, allowing, suffering and/or permitting said workplace to be and remain in an unsafe, dangerous, and precarious condition; in failing to provide plaintiff with proper personal protective equipment; in that defendant by its agents, servants and employees failed to monitor and control the LIRR work and LIRR workers at said location; in carelessly and negligently directing the plaintiff to climb the utility pole when it was in unsafe for climbing, had been marked for replacement because of age and unsafe condition; in failing to properly plan the job task; in failing to use an alternate method to reach the elevated work level; in failing to bind the pole for use; in failing to provide a ladder, manlift, utility boom, bucket lift, vehicle mounted aerial device  or other suitable device to allow egress from the elevated work are; in violating its own safety rules and regulations and accustomed practice in the industry including LIRR Safety Rules 1.01.1 in failing to protect fellow employees; 1.01.4 in failing to properly coordinate and communicate to all employees the work to be performed; 1.01.5 in failing to perform a proper Job Briefing detailing the job tasks of each employee; 1.01.6 in failing to make sure employee was familiar with and complied with all safety rules; in failing to inform plaintiff of the unusual hazard at said work site; in failing to continuously supervise the work for compliance with safe work

5

practices; 1.02.2(3) in failing to assess the work area for hazards and the need for work equipment; 200.1(3) in failing to warn of unsafe conditions; 200.3(1) in failing to ensure work was done in a safe manner, (2) in failing to observe and correct or instruct the plaintiff and his coworkers, (3) in failing to warn and continuously observe and supervise the work, (4) in failing to instruct the plaintiff and coworkers about the potential hazard; 300.3 in failing to inspect the work site for dangerous conditions and take action to prevent harm; 300.3.1 in failing to inspect and find hazards and remove or correct them, in failing to be alert to all the utility pole's conditions and adjust activities to accommodate conditions; 2600.10.6 in failing to properly inspect the wooden utility pole before directing the plaintiff to climb it; in violating OSHA regulations 29 CFR Sections 1910.22 (c) in failing to provide a safe means of access and egress within the work site; 1910.22 (d) in failing to perform inspections regularly and as needed of the work site; in failing to maintain the utility pole-work site in a safe condition; in failing to remove the work site from use until repairing said hazardous condition; 1910.28 in failing to provide proper protection from hazards; 1910.132(d) in failing to perform a proper hazard assessment to determine which protective equipment was necessary; 1910.132(f) in failing to properly train its employees as to when, what and how to use

6

protective equipment; 1910.268 in failing to comply with the standard set forth in this section for the work conditions, means, methods, operations, installations and processes to be performed at this work location; 1926.20 in failing to perform an adequate inspection of the utility pole-job site; 1926.20(a)(1) requiring the plaintiff to work under hazardous and dangerous conditions; 1926.20(b)(1) in failing to institute necessary accident prevention responsibilities; 1926.20(a)(2) in failing to provide frequent and regular inspections of the job site; 1926.20(f)(2) in failing to properly train coworker of plaintiff in compliance with safe workplace standards; 1926.20(b)(2) in failing to perform frequent and regular inspections of the job sites, materials, and equipment to be made by competent persons to discover hazards; 1926.20(3) in failing to remove the utility pole-work site from use; 1926.21 (b)(2) in failing to instruct each employee in the recognition and avoidance of unsafe conditions and the regulations applicable to his work environment to control or eliminate any hazards or other exposure to illness or injury; 1926.34 in failing to provide free and unobstructed access to the utility pole-worksite; 1926.500 in failing to comply with the standard set forth in this section for the work conditions, means, methods, operations, installations and processes to be performed at this work location; 1926.501(a)(2) in failing to determine whether

7

the wooden utility pole was safe to climb; 1926.502 in failing to comply with the standard set forth in this section for the work conditions, means, methods, operations, installations and processes to be performed at this work location; 1926.503(a) in failing to provide proper training to the plaintiff in the recognition of the hazards and the procedures to minimize such hazard in violating accustomed practice in the industry.

**FOURTEENTH:** Said occurrence and the injuries resulting therefrom were due wholly and solely to the negligence of defendant, its agents, servants and employees, and the defects in defendant's property and equipment as aforesaid, without any fault or negligence on the part of plaintiff contributing thereto.

**FIFTEENTH:** By reason of the premises, plaintiff was severely and seriously injured; suffered and will continue in the future to suffer pain and injury; has become sore, lame and disabled, and will be permanently injured; has lost and will lose in the future sums of money which he otherwise would have earned; has been compelled to spend sums of money and incur liability for medical treatment and medicine, and will incur such expenses in the future.

**SIXTEENTH:** By reason of the premises, plaintiff has been damaged in the sum which exceeds the minimum jurisdictional requirements of this Court.

8

**SEVENTEENTH**: Pursuant to Federal Rules of Civil Procedure Rule 38, plaintiff, DAVID VOLLMER, hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

## AS AND FOR A SECOND CAUSE OF ACTION

**EIGHTEENTH**: Plaintiff, DAVID VOLLMER, repeats, reiterates and re-alleges each and every allegation contained hereinabove in paragraphs "FIRST" through "SEVENTEENTH" inclusive with the same force and effect as if hereinafter set forth fully at length.

**NINETEENETH**:  That the defendant's violation of 29 CFR Parts 1910 and 1926 as set forth above constitutes negligence *per se*.

**TWENTIETH**: The sections of 29 CFR 1910 and 1926 set forth in the FIRST CAUSE OF ACTION are the type of statutes referred to in 45 U.S.C. Section 53 and 54a and pursuant to 45 U.S.C. Sections 53 and 54a the defense of comparative negligence is unavailable to the defendant in this case.

**TWENTY-FIRST** By reason of the premises, plaintiff has been damaged in a sum which exceeds the minimum jurisdictional requirements of this Court.

9

**WHEREFORE**, plaintiff demands judgment against the defendant on each cause of action in a sum which exceeds the minimum jurisdictional requirements of this Court, together with the costs and disbursements of this action

Dated:   New York, New York
        May 27, 2022

                              Respectfully submitted,

                              **FLYNN & LAURIELLO, PLLC.**
                              Attorneys for Plaintiff

       By: _____
                              VALERIE J. LAURIELLO (VL6192)
                              5 Penn Plaza
                              23rd Floor
                              New York, New York 10001
                              (212) 896-3811
                              vjlauriello@mdflynnlaw.com